IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| SADE GARNETT ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 3:19cv0486 |
| ) | |
| PARTNERS PHARMACY OF VIRGINIA, LLC ) | |
| Serve:    Corporation Service Company ) | |
|                100 Shockoe Slip, Fl. 2 ) | |
|                Richmond, VA 23219 ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff Sade Garnett, by counsel, states as follows as her Complaint against defendant Partners Pharmacy ("Partners" or the "Company").

### NATURE OF ACTION

1. This is an action under the Americans with Disabilities Act ("ADA"). As explained herein, Garnett, a former employee of Partners, was terminated by the Company after it denied her reasonable and medically-based request for a reduced work schedule and/or part-time work. This termination was (i) discrimination under the ADA; and (ii) the result of the failure to provide Garnett with a reasonable accommodation under the ADA. As a result, Garnett now files this lawsuit to hold Partners liable for its unlawful actions.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391, and Local Rule 3(B)(4), as this is the district and division where a substantial part of the events or omissions giving rise to the claims herein occurred.

4.     All conditions precedent to the filing of this action have been met by Garnett. She filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and filed this action within 90 days of receiving a right-to-sue letter, dated April 2, 2019, from the EEOC.

**PARTIES**

5.     Garnett is an individual resident of Richmond, Virginia.

6.     Partners is a limited liability company organized under the laws of Delaware with its principal place of business in New Jersey. It has more than 500 employees and is an employer for purposes of the ADA.

**FACTS**

7.     From March 8, 2018 through September 5, 2018, Garnet was employed by Partners as a Pharmacy Technician.

8.     On June 18, 2018, Garnett went out of work for medical reasons. Specifically, at that time, Garnett was diagnosed with severe major depression and a mood disorder. Both of these conditions substantially limited Garnett in her major life activities.

9.     Soon after her diagnoses, Garnett engaged in an interactive process with Partners in order to determine whether she could return to work with or without an accommodation. As part of this process, Garnett's treating physician told Partners that Garnett needed a reduced work schedule of no more than 4 to 6 hours per day – five days a week for an indefinite period of time. This was a request for an accommodation by Garnett.

10.    Partners responded to Garnett's request for an accommodation by stating it had no part-time positions available and that, therefore, it had to terminate Garnett.

11.    Partners' statement was false. In truth, Partners had allowed a fellow Pharmacist

Technician named Miriam who started *after* Garnett as a full-time employee to transition to a prn employee.  It could have done the same for Garnett but unlawfully chose not to.

12. Additionally, just after it terminated Garnett, Partners publicly advertised a position in Richmond for a "per diem" Pharmacy Technician.  This is essentially a "fill in" position where the technician works when other technicians are absent, out on leave, or on vacation.  Partners never mentioned or offered this position to Garnet.

## COUNT I:
## WRONGFUL TERMINATION IN VIOLATION UNDER THE ADA

13. The allegations of paragraphs 1-12 are realleged as if fully set forth herein.

14. Garnett is a "qualified individual" with a "disability" as those terms are used and defined under the ADA and its subsequent amendments.

15. Partners' termination of Garnett's employment because of her disabilities and/or because she requested a reasonable accommodation under the ADA constitutes discrimination in violation of the ADA.

16. As a result of the Company's actions, Garnett has suffered loss of wages and damages, including but not limited to back pay, front pay, emotional pain and suffering, embarrassment, inconvenience, mental anguish, and loss of enjoyment of life.

17. Partners' actions also constitute gross, wanton, malicious, reckless, and/or intentional violations of Garnett's rights under the ADA, thus entitling her to punitive damages.

## COUNT II:
## DENIAL OF REASONABLE ACCOMMODATION UNDER THE ADA

18. The allegations of paragraphs 1-17 are realleged as if fully set forth herein.

19. Garnett is a "qualified individual" with a "disability" as those terms are used and defined under the ADA and its subsequent amendments.

20. Garnett made a reasonable and medically-supported request for an accommodation to work part-time and/or reduced hours. Such an accommodation would have allowed her to perform the essential functions of her job without any problems. Indeed, at least one other Partners employee was allowed precisely the accommodation Garnett had requested.

21. The Company's denial of Garnett's request was an unlawful denial of a reasonable accommodation under the ADA.

22. As a result of the Company's actions, Garnett has suffered loss of wages and damages, including but not limited to back pay, front pay, emotional pain and suffering, embarrassment, inconvenience, mental anguish, and loss of enjoyment of life.

23. The Company's actions also constitute gross, wanton, malicious, reckless, and/or intentional violations of Garnett's rights under the ADA, thus entitling her to punitive damages.

WHEREFORE, Plaintiff requests this Honorable Court to:

   a. Accept jurisdiction of this case;

   b. Award Plaintiff compensation for her loss of wages and other benefits, including back pay and all fringe benefits to which she would have been entitled had her employment with the Company not been unlawfully terminated. Such damages shall be in an amount in excess of $50,000.00, the exact amount to be determined at trial;

   c. Award Plaintiff front pay for her future loss of pay. Such amount shall be in excess of $200,000.00, the exact amount to be determined at trial by jury or post trial by the Court;

   d. Award Plaintiff compensatory damages for humiliation, mental and emotional distress, and pain and suffering that she has experienced and endured as a result

of the unlawful actions of the Company towards her. Such damages shall be in an amount not to exceed $250,000.00, the exact amount to be determined at trial;

e. Award Plaintiff punitive damages against the Company in an amount not to exceed $250,000.00, the exact amount to be determined at trial;

f. Grant Plaintiff pre-judgment and post-judgment interest on all damages awarded, to the maximum extent allowed by law;

g. Grant Plaintiff her reasonable expenses, costs and attorneys' fees, pursuant to the ADA (42 U.S.C. § 12205); and

h. Grant such other and further relief as to the Court seems just and proper.

**A TRIAL BY JURY IS DEMANDED**.

    Respectfully submitted,

    SADE GARNETT

    By:    /s/Richard F. Hawkins, III
            Richard F. Hawkins, III, VSB# 40666
            THE HAWKINS LAW FIRM, PC
            2222 Monument Avenue
            Richmond, Virginia 232220
            (804) 308-3040 (telephone)
            (804) 308-3132 (facsimile)
            Email: rhawkins@thehawkinslawfirm.net